IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIE JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-2863 |
| | § | |
| CHASE A. PACHER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ON MOTION TO DISMISS**

Willie Johnson is a Texas Department of Criminal Justice inmate. He is representing himself in this action under 42 U.S.C. § 1983 alleging violations of the First and Eighth Amendments.

Johnson alleges that on June 21, 2017, while incarcerated at the Wynne Unit, he was served with disciplinary charges relating to an attempted assault on Courtney Boyer, a corrections officer. Johnson alleges that Boyer falsified the incident report and charges. Johnson was found guilty of those charges on June 23, 2017.

Johnson also alleges that on June 29, 2017, Chase Pacher and Eric Hammond, correctional officers, used excessive force by throwing him to the ground, "kneeing" him in the kidneys, and punching him in the head, face, and body, knocking him unconscious. Johnson alleges that Johnny Walker and Boyer were present and observed the use of force, but failed to intervene. Johnson also alleges that Walker struck him. Johnson alleges that this use of force was in retaliation for a grievance he submitted on June 18, 2017, against Pacher and Boyer, and that Boyer filed a false disciplinary case against him to cover up the retaliatory force. He alleges that Matt McClarin failed

to control or discipline the other defendants after Johnson informed McClarin of their alleged conduct.

To the extent Johnson seeks money damages from McClarin in his official capacity, the Eleventh Amendment bars his claim. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). A suit for damages against McClarin, a State official, in his official capacity, is a suit against the State of Texas. *Id.* The Eleventh Amendment to the United States Constitution bars suits against a State unless the State has waived, or Congress has abrogated that immunity. Section 1983 does not "disturb the States' Eleventh Amendment immunity," *id.*, and the State of Texas has not waived its Eleventh Amendment immunity for suits under § 1983. The damages claim against McClarin is dismissed.

McClarin also moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662 at 678 (citing *Twombly*, 550 U.S. at 556).

McClarin is a supervisory official. A supervisor cannot be held liable in a § 1983 claim solely on the basis of what employees did or failed to do. *Monell v. Dept. of Social Services*, 436 U.S. 658, 693 (1978); *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). To sustain his complaint, a plaintiff must allege particular facts specifying the personal involvement of each defendant. *Fee v.*

*Herndon*, 900 F.2d 804, 806 (5th Cir. 1990). These facts must create an affirmative link between the claimed injury and the defendant's conduct. *Rizzo*, 423 U.S. at 371-72, 377.

Johnson does not specifically allege that, or how, McClarin was personally involved in violating his constitutional rights. Johnson makes a generalized claim that McClarin was "placed on notice of the abusive and retaliatory conduct" of the other defendants and "failed to take disciplinary action against them or otherwise to correct or control their behavior." ECF No. 18 ¶ 68. But Johnson does not allege any direct involvement by McClarin. The only basis for liability is that McClarin is responsible for the actions of the other defendants, as their supervisor. That is inadequate. The claims are dismissed.

Johnson also alleges McClarin was deliberately indifferent to his safety or health. To act with deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 835. Deliberate indifference is "an extremely high standard to meet." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). It "cannot be inferred merely from a negligent or even grossly negligent response to a substantial risk of serious harm." *Thompson v. Upshur County, TX*, 245 F.3d 447, 459 (5th Cir. 2001).

Johnson fails to allege facts that would show, and the record does not indicate, that McClarin was deliberately indifferent to his safety. Johnson alleges that officers subjected him to an excessive use of force on June 29, 2017. He does not allege that McClarin knew of the use of force or was aware of facts from which an inference could be drawn that Johnson was at substantial risk of being subjected to excessive force. The deliberate-indifference claim is dismissed.

And, to the extent McClarin is sued in his individual capacity, he is entitled to qualified immunity. This doctrine protects official individuals against liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The immunity is from suit, not only liability. *Jackson v. City of Beaumont*, 958 F.2d 616 (5th Cir. 1992).

"Qualified immunity is designed to shield from civil liability all but the plainly incompetent or those who knowingly violate the law." *Brady v. Fort Bend County*, 58 F.3d 173, 174 (5th Cir. 1995). To determine whether a defendant is entitled to qualified immunity, the court engages in a two-step inquiry. The court must first ascertain whether the plaintiff has sufficiently asserted the violation of a constitutional right. *Siegert v. Gilley*, 500 U.S. 226, 111 S. Ct. 1789, 1793 (1991); *see also Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993), *cert. denied*, 510 U.S. 1123 (1994); *Correa v. Fischer*, 982 F.2d 931, 933 (5th Cir. 1993); *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992). If so, the court must determine whether that right was clearly established so that a reasonable official in the circumstances and situation would have understood that his conduct violated that right. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Because Johnson did not allege a violation of clearly established constitutional rights against McClarin, qualified immunity applies as an additional basis to dismiss the claims against him.

The official-capacity claims against McClarin are dismissed with prejudice. The individual-capacity claims are dismissed, but without prejudice and with leave to amend. Johnson may replead

the individual-capacity claims only to attempt to plead valid claims against McClarin, no later than **August 31, 2018**. Failure to do so will lead to dismissal, with prejudice.

SIGNED on July 23, 2018, at Houston, Texas.

                                              Lee H. Rosenthal
                                      Chief United States District Judge